UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WILLIAM E. DONN,

    Plaintiff,

v.

FLORIDA RECOVERY AGENCY, LLC,
a Florida Limited Liability Company,
CLIFFORD G. GLOVER, JR., an individual
and TINA GLOVER, an individual.

    Defendants.
_____/

## WAGE THEFT COMPLAINT JURY TRIAL DEMANDED

Plaintiff, WILLIAM E. DONN, ("DONN"), by and through his undersigned attorney, hereby sues the Defendants, FLORIDA RECOVERY AGENCY, LLC, CLIFFORD GLOVER, JR. ("C. GLOVER) and TINA GLOVER ("T. GLOVERY") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331 and § 1343.

3. The unlawful employment practices alleged below occurred within the Middle District of Florida.

4. At all times material hereto, Plaintiff was a citizen and resident of the Middle District of Florida and is within the jurisdiction of this Court.

5. At all times pertinent to this Complaint, Defendants owned and operated a business engaged in interstate commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times material hereto, FLORIDA RECOVERY AGENCY, LLC, was Plaintiff's employer as defined by law and a company conducting business in the Middle District of Florida.

7. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

8. Upon information and belief, during the relevant time period, the Defendants had annual gross volume of sales made or business done of not less than $500,000.00.

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

10. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

11. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred in the Middle District of Florida and,

b. Defendants were and continue to be a company and individuals doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, was a resident of Lakeland, Polk County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, company Defendant, FLORIDA RECOVERY AGENCY, LLC, was conducting business in and around Lakeland, Polk County, Florida, with its principal place of business in that city.

14. At all times material hereto, G. GLOVER AND T. GLOVER were Plaintiff's employer as defined by law. G. GLOVER AND T. GLOVER had operational control over FLORIDA RECOVERY AGENCY, LLC, and were directly involved in decisions affecting employee compensation and hours worked by employees.

15. Moreover, G. GLOVER AND T. GLOVER controlled the finances for FLORIDA RECOVERY AGENCY, LLC.

16. The Fair Labor Standards Act, 29 U.S.C. § 203(d), ("FLSA") defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."

17. At all times material hereto, Defendants were the employers of Plaintiff.

18. At all times material hereto, the work performed by Plaintiff, was directly essential to the business performed by Defendants.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action or such conditions have been waived.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

20. Plaintiff was employed as a recovery agent by Defendants from in or about May 2015 to November 2018.

21. Under the Fair Labor Standards Act ("FLSA"), employers are required to pay employees 1 ½ times the regular rate for each hour, or fraction thereof, worked in excess of 40 during any given workweek.

22. Plaintiff worked more than 40 hours during most weeks during which he worked for Defendants, except for a period of time from February 2018 to April 2018 when he worked limited hours because of treatment for cancer. During the weeks he worked "full time" Plaintiff worked 55 to 60 hours.

23. Defendants paid Plaintiff below the FLSA mandatory overtime rate for all overtime hours worked.

24. Defendants, C. GLOVER and T. GLOVER were supervisors and or managers/owners who were involved in the day-to-day operations and were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

25. Defendants C. GLOVER and T. GLOVER were directly involved in decisions affecting employee compensation and hours worked by Plaintiff.

26. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law.

27. Plaintiff has retained Appel Law Group, P.A., to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

### (Violation of Fair Labor Standards Act 29 USC §207: Unpaid Overtime Wages)

28. Plaintiff realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

30. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

31. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiffs' regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

32. Defendants knew or should have known of the unpaid or underpaid overtime hours worked.

33. Defendants had no employment agreement in place which detailed a salaried pay scheme or other alternate payment scheme.

34. Plaintiff regularly did not receive compensation for hours worked in excess of forty hours per week.

35. Defendants violated 29 U.S.C. §207. and failed to satisfy all conditions precedent for an overtime rate at less than one and one-half times the hourly rate of Plaintiff's pay.

36. The Defendants acted willfully and have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

37. Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

38. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

39. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201 *et seq.*

41. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

42. As a result of the Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b). Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201;

  b. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under 29 U.S.C. § 201 and the supporting Department of Labor Regulations;

  c. Attorney's fees and costs pursuant to the FLSA;

  d. Post-judgment interest;

  e. Payment to the Federal Government and all local governmental bodies for all salary taxes not paid including Florida Unemployment Tax.

  f. Any and all further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: August 21, 2020.

Respectfully submitted,

        s/. Jeffrey E. Appel
        FBN: 994030
        Jeffrey E. Appel, Esq.
        Appel Law Group, P.A.
        Post Office Box 6097
        Lakeland, FL 33807-6097
        (863) 644-4003 phone
        (863) 644-9065 fax
        jappel@appellawgroup.com